# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) No. 2:13-CV-04244-NKL |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Three motions are before the Court: *Pro se* Plaintiff Christina Johnson's motion for summary judgment or evidentiary hearing [Doc. 24]; Defendant Kozeny & McCubbin's motion to dismiss for failure to state a claim [Doc. 25]; and Defendants Bank of America N.A., BAC Home Loans Serving, Countrywide Home Loans, Mortgage Electronic Registration Systems, and The Bank of New York's motion to dismiss for failure to state a claim [Doc. 28]. For the reasons explained below, Johnson's motion for summary judgment or evidentiary hearing [Doc. 24] is DENIED, and the Defendants' motions to dismiss [Docs. 25 and 28] are GRANTED.

**I.  Background**

This case concerns the February 2012 foreclosure sale of Christina Johnson's family home at 478 Highway U, Iberia, Missouri 6548. Johnson has filed at least two cases concerning the foreclosure sale, one in state court which was subsequently removed to this Court by the defendants on the basis of diversity jurisdiction, *Johnson v. Bank of America N.A.*, case no. 12-4113-CV-NKL, and the instant one which Johnson filed directly in this Court asserting federal-question jurisdiction. The same defendants are named in both cases, except Kozeny &

McCubbin and The Bank of New York, who were not named in the former case but have been named here.

The former case, no. 12-4113-CV-NKL, included claims for quiet title, and violations of the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedures Act (RESPA), the Home Ownership and Equity Protection Act (HOEPA), and the Truth in Lending Act (TILA), which the Court dismissed without prejudice. It also included claims for declaratory and injunctive relief which the Court dismissed with prejudice. [Doc. 16].

When Plaintiff filed this second case, she sought leave to proceed *in forma pauperis*. The Court denied Johnson's request because her complaint failed to state a claim. [Doc. 1, IFP request; Doc. 4, Order.] Johnson then paid her filing fee and submitted an Amended Complaint [Doc. 16]. The Amended Complaint contains eight "Causes":

| | |
|---|---|
| First Cause | Violation of TILA (Defendants unclear) |
| Second Cause | "Standing under FRCP 17" (Defendants unclear) |
| Third Cause | Violation of FDCPA (against Defendant Kozeny & McCubbin) |
| Fourth Cause | Violation of RESPA (against Defendants Bank of America N.A., BAC Home Loans Servicing, and Countrywide Home Loans) |
| Fifth Cause | Quiet title (against all Defendants) |
| Sixth Cause | Violation of Racketeer Influenced and Corrupt Organizations Act (RICO) (against Defendants Bank of America N.A., BAC Home Loans Servicing, Countrywide Home Loans, MERS, and Bank of New York) |
| Seventh Cause | Violation of New York Estates and Trusts Powers Act (against Bank of New York) |
| Eighth Cause | Violation of UCC-3-501 (against all Defendants) |

[*Id*.]

## II. Johnson's motion for summary judgment or evidentiary hearing [Doc. 24]

The title of Johnson's motion refers to summary judgment and Fed. R. Civ. Pro. 56, though the substance of the motion coud be construed as a request for judgment on the pleadings under Fed. R. Civ. Pro. 12(c). The motion is fatally defective under either rule.

The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matshushita Elec. Indus. V. Zenith Radio Corp.,* 475 U.S. 5734, 587 (1986). Thus, a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Local Civil Rule 56.1(a), a movant's suggestions in support of a motion for summary judgment "shall begin with a concise statement of uncontroverted material facts[,]" with each fact set out in separately numbered paragraphs and supported by explicit reference to the record. *See also* Fed. R. Civ. P. 56(c)(1)(A) (factual positions must be supported).

Johnson's motion lacks separately numbered paragraphs of uncontroverted material facts and references to the record as required by Fed. R. Civ. P. 56 or Local Civil Rule 56.1. Although proceeding pro se, Johnson is still expected to familiarize herself with the rules and to comply with them. *See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with…the Federal Rules of Civil Procedure."). Because Johnson has failed to comply with procedures required in this Court, her Motion for Summary Judgment is denied. Her Motion is also denied because it is premature. Neither party has conducted discovery and Defendants have not even

filed an answer. Therefore, there is no proper evidentiary record for the Court to review at this time. As for Johnson's request for an evidentiary hearing, it is also denied as premature. A trial is the last step in the litigation process and does not occur until all pleadings have been filed and discovery is completed or waived by both parties.

In the alternative, if Johnson's Motion is construed as one for judgment on the pleadings, it is fatally defective because all the pleadings have not yet been filed. *See* Fed. R. Civ. P. 12(c) (party may move for judgment on the pleadings after the pleadings are closed). None of the Defendants has filed an answer. *See* Fed. R. Civ. P. 7(a) (a "pleading" is a complaint, answer, or, if permitted by the court, a reply to an answer). The Defendants' respective motions to dismiss for failure to state a claim do not constitute pleadings. *See, Dorgan v. International Harvester Co.,* 585 F.2d 1380, 1381 (vacating district court's judgment on the pleadings to give defendant opportunity to file an answer).

Therefore, Johnson's Motion for Summary Judgment or Evidentiary Hearing is denied.

### III. The Defendants' motions to dismiss for failure to state a claim [Docs. 25 and 28]

Johnson's eight causes of action must all be dismissed. Many or all of them fail for more than one reason, but a comprehensive catalogue of reasons is not necessary for purposes of ruling the Defendants' motions.

#### A. TILA

Johnson's TILA claim fails because it is barred by the statute of limitations. Johnson (and her husband, who is not a party to the instant case, but was a party to the prior one) signed a

promissory note and deed of trust relating to the subject property in March 2007.[1] Johnson alleges that "false declarations, false authority and outright fraud and forgery [were] committed by the banks and [loan] servicers for their own benefit" in order to gain "one thing—the signature of the borrower. They were willing to say and do anything to get it and they did exactly that." [Doc. 16, p. 5 of 12.]

A claim for damages under TILA must be brought within one year from the alleged violation of the statute. 15 U.S.C. § 1640(e); *see also Keiran v. Home Capital, Inc.,* 720 F.3d 721, 726 (8th Cir.2013). TILA also creates a right of rescission that expires, at the latest, three years after the execution of the loan, "notwithstanding the fact that the information and forms required under [TILA] have not been delivered to the obligor." § 1635(f); *see also Rand Corp. v. Yer Song Moua,* 559 F.3d 842, 846 (8th Cir.2009). Here, Johnson's note was executed in March 2007, and all of the alleged TILA violations occurred at or prior to the closing. Therefore, even under the three-year statute of limitations, any cause of action Johnson had under TILA expired in 2010.

Johnson's TILA claim is dismissed.

**B. "Standing under FRCP 17"**

Johnson's "Standing under FRCP 17" claim consists of vague statements with citation to an 1872 opinion of the U.S. Supreme Court. [Doc. 16, pp. 5-6 of 12.] Johnson alleges that "[u]nder FRCP 17, the real Party in Interest must produce both Original Documents [note and deed of trust] in order to collect on an 'alleged' debt[,]" and she has not received such documents. [Doc. 16, p. 5 of 12.]

---

[1] The Court takes judicial notice of filings in Johnson's prior case, no. 2:12-4113-CV-NKL. [Doc. 1-3]. *See Kern v. Tri-State Ins.,* 386 F.2d 754. 755-56 (8th Cir. 1967) (district court may take judicial notice of other proceedings in same court).

5

The rule's reference to the "real party in interest" refers to a party that is asserting a claim, not a party who has been named a defendant. Since it is Johnson who is asserting claims, this Rule applies only to her and not to the Defendants. Therefore, this claim must also be dismissed.

**C. FDCPA**

The third cause appears to be against Kozeny & McCubbin. Johnson claims she "sent a letter under the Fair Debt Collection Practices Act to obtain the true holders of her verified debt, on or about January 19, 2012 the promissory note to KOZENY AND MCCUBBIN, LC under FDCPA Section 809." [Doc. 16, p. 6 of 12.] Earlier in her amended complaint, Johnson alleges that Kozeny & McCubbin claimed to be a "'debt collector' in their letters[,]" but she does not provide information about what Kozeny & McCubbin said that led her to conclude they were claiming to be debt collectors. [*Id.* at p. 3 of 12.]

To establish her FDCPA claim, Johnson must plead and eventually prove: (1) that she has been the object of collection activity arising from a consumer debt; (2) that the Defendant was attempting to collect a debt, and that it qualifies as a "debt collector" under the Act; and, (3) that the Defendant engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795 at *2 (D. Minn. Sept. 12, 2007) (citing *Russey v. Rankin*, 911 F. Supp. 1449, 14953 (D.N.M. 1995).

Johnson's claim does not indicate how KOZENY AND MCCUBBIN qualifies as a debt collector, and what acts were committed by KOZENY AND MCCUBBIN that violated the FDCPA. Her vague and conclusory allegations are insufficient under federal law. (A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell v. Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). It must include sufficient factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008)).

Johnson's FDCPA claim is dismissed.

### D. RESPA

Johnson next claims that Defendants Bank of America N.A., BAC Home Loans Servicing, and Countrywide Home Loans violated RESPA. She alleges in her amended complaint that in February 2012, she sent a Qualified Written Request (QWR) letter to the three listed Defendants and that they never responded to it. [Doc. 16, pp. 6-7 of 12.] But "RESPA limits an individual's damages for violations of QWR requirements to 'actual damages' and, 'in the case of a pattern or practice of noncompliance,' to $1,000 in statutory damages." *Hintz v. JP Morgan Chase Bank, N.A.,* 686 F.3d 505, 510 (8th Cir. 2012). Johnson has not alleged that she suffered actual damages as a result of Defendants not responding to her QWR. *See id.* (RESPA claim based on lack of response to QWR was appropriately dismissed when the plaintiff failed to plead actual damages).

Johnson's RESPA claim is dismissed.

### E. Quiet Title

Johnson's quiet title claim is brought against all of the Defendants and contains the same or similar conclusory allegations she made in her prior case (2:12-4113-CV-NKL) that resulted in a dismissal for failure to state a claim. In dismissing it, the Court explained that in a quiet title action, "[a] plaintiff has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of [her] own title and not on

7

any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996) (internal citation omitted). [Case no. 2:12-4133-CV-NKL, Doc. 16, pp. 3-4 of 10.] The Court concluded Johnson's allegations were conclusory and failed to show how her claim to title was superior to the Defendants' claims. After the Court dismissed the claim without prejudice, Johnson did not seek to amend it. Nor has Johnson remedied the deficiencies in her current Amended Complaint by showing how her right to title is superior to the Defendants in this case or even shown that all the Defendants are claiming or did claim title to her property.

Res judicata bars the quiet title claim brought against Bank of America, BAC Home Loans Serving, Countrywide Home Loans, and Mortgage Electronic Registration Systems. "The doctrine of res judicata prevents a party from relitigating facts or questions that have been settled by judgment on the merits in a previous action." *Clements v. Pittman,* 765 S.w.2d 589, 591 (Mo. 1989). (en banc). Johnson brought the same quiet title claim in her prior case, against these same four defendants. Although the Court dismissed the claim in the prior case without prejudice, for failure to state a claim, the dismissal operates as an adjudication on the merits, because Johnson did not plead further—that is, she did not seek to amend the claim. *See Mahoney v. Doerhoff Surgical Svs.,* 807 S.W.2d 503, 506 (Mo. 1991) (dismissal without prejudice for failure to state claim is a determination that the plaintiff has no action, and is an adjudication on merits "when the party elects not to plead further"). Accordingly, she cannot bring the claim again here, against these four defendants.

In addition, Johnson has once again failed to show how her title is superior to the six named defendants, including the two defendants who were not named in the original lawsuit.

Instead, her allegations focus on the weakness of Defendants' title (missing assignments, violations of the PSA, etc.) rather than the strength of her title.

Johnson's Quiet Title claim is dismissed as to all Defendants.

**F. RICO**

Johnson's RICO claim is brought against five of the Defendants, Bank of America N.A., BAC Home Loans Servicing, Countrywide Home Loans, MERS, and Bank of New York.

To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must show: "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) [that] defendant's actions constitute a pattern of racketeering." *United Healthcare Corp. v. Am. Trade Ins. Co*., 88 F.3d 563, 571 (8th Cir. 1996). Additionally, for civil liability, a plaintiff must demonstrate an injury caused by the defendant's RICO violation. Id.

Johnson's claim that the Defendants committed a RICO violation fails as a matter of law because she recites the law without providing facts or information that could possibly support a RICO claim, particularly in the context of Johnson's other pleadings . *See Twombly*, 550 U.S. at 555. She merely alleges that the Defendants were part of a scheme to profit and wrongfully foreclose on the subject to property; and perpetrated the scheme through fraudulent communications they sent to her. [Doc. 16, p. 8 of 12.] She does not describe the nature of the organization or the fraudulent communications that were sent to her. Such conclusory allegations are insufficient.

Johnson's RICO claims are dismissed.

**G. N.Y. Estates and Trusts Powers Act and Pooling Service Agreement**

Johnson's next claim is against Defendant Bank of New York for a violation of the N.Y. Estates and Trusts Powers Act and for violation of the Pooling Service Agreement.

In support of her New York Trust claim, she recites some law and alleges that "The Bank of New York was acting outside of their duties as they are simply Trustee[.]" [Doc. 16, p. 9 of 12.] New York law provides that "every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." *Sigaran v. U.S. Bank Ass'n*, 2014 WL 1688345 * 3 (citing and quoting N.Y. Est. Powers & Trusts Law § 7–2.4). "But…New York courts have treated *ultra vires* actions by trustees as voidable and capable of ratification." *Id. (citing Mooney v. Madden,* 193 A.D.2d 933, 933–34 (N.Y. App. Div.1993) ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement.")). Whatever actions The Bank of New York took as trustee, which Johnson does not set out, they were not void. In the absence of some facts to suggest how they would be voidable and how that would affect her rights, Johnson's claim must fail.

Johnson also alleges, in conclusory fashion, that the pooling and servicing agreement (PSA) was violated, because the assignment of her loan occurred after the closing date. [Doc. 16, p. 9 of 12.] Again, she provides no facts about what The Bank of New York allegedly did in this respect. She also provides no allegations showing she has standing to complain about violation of the PSA, whether as a party to the PSA, or a third-party beneficiary. *See Sigaran v. U.S. Bank Ass'n*, 2014 WL 1688345 * 3 (holding that borrowers must allege they are parties to,

or third-party beneficiaries of, PSA in order to state a claim for violation of New York or Texas trust laws, which are the same in this respect).

Johnson's claim under New York trust law and any PSA claim are dismissed.

### H. UCC-3-501

Johnson's final claim has been characterized as a "show me the note" claim, and is brought against all the Defendants. It fails because Missouri apparently does not recognize a "show me the note" claim. *Hallquist v. United Home Loans, Inc.,* 2012 WL 1980656 (W.D. Mo. June 1, 2012) (citing *Hobson v. Wells Fargo Home Mortg.,* 2011 WL 3704815 *2 (E.D. Mo. Aug. 24, 2011), *aff'd* 715 F.3d 1040 (8th Cir. 2013). Further, Johnson has failed to allege that her note was negotiable, which is a prerequisite to a UCC-3 claim. *See,* UCC-3-102.

### IV. Conclusion

Johnson's motion for summary judgment or evidentiary hearing [Doc. 24] is DENIED. The Defendants' respective motions to dismiss [Docs. 25 and 28] are GRANTED. All of Johnson's claims are DISMISSED WITH PREJUDICE because Johnson has had ample time to identify any viable claim, should one exist, but has failed to do so.

                                                           s/ Nanette K. Laughrey
                                                           NANETTE K. LAUGHREY
                                                           United States District Judge

Dated: May 15, 2014
Jefferson City, Missouri